UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY M. NASH, | ) | Case No.: 1:10 CV 2386 |
| Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| CUYAHOGA COUNTY, *et al.*, | ) | |
| | ) | MEMORANDUM OF |
| Defendants | ) | <u>OPINION AND ORDER</u> |

Plaintiff *pro se* Timothy M. Nash, a prisoner in the Cuyahoga County Jail, filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Cuyahoga County, City of Cleveland and the City of Cleveland Public Defenders. He alleges that his constitutional rights were violated when he was not allowed to represent himself in three criminal cases, and because he was denied access to a law library. Plaintiff seeks $25,000.000.00 in damages, an investigation into the complete history of unlawful activity of public servants, an order that any prisoner who represents himself be allowed access to a law library and a freeze of all the Defendants' assets.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the

district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

Plaintiff lists three criminal cases: *State of Ohio v. Nash*, Case Nos. CR-10-536046, CR-07-493755 and CR-07-490706. The first two cases were dismissed. Only the last case resulted in a conviction. In each case, he was represented by appointed counsel. Although prisoners have a constitutional right of access to the courts, *Bounds v. Smith,* 430 U.S. 817, 821 (1977), *overruled in part on other grounds by Lewis v. Casey*, 518 U.S. 343, 354 (1966), they have no protected right of access to a prison law library. *Lewis,* 518 U.S. at 350-51; *Evans v. Willis*, 2009 WL 2044721, 2 (S.D.Ohio, Jul. 7, 2009). In the absence of a prison library, a pretrial detainee's right to access to the courts is fully protected by the appointment of counsel in the criminal case. *Martucci v. Johnson,* 944 F.2d 291, 295 (6th Cir.1991) (no constitutional violation where jail provided legal material upon request and inmate was represented by appointed counsel during the criminal case since the Constitution only requires an adequate law library or appointed counsel); *United States v. Manthey*, 92 Fed. Appx. 291, 297 (6th Cir.2004) (as long as a prisoner has the assistance of counsel during a criminal trial, the denial of law library privileges to that prisoner does not violate due process or impair his access to the courts); *Mays v. Cuyahoga County*, 2007 WL 2177892 * 2 (N.D.Ohio, Jul. 27, 2007) (lack of a library does not deny accused due process). Further, in *United States v. Smith,* 907 F.2d 42 (6th Cir.1990), the court held that the right of access to a law library, set fourth *Bounds,* does not apply to situations where a criminal defendant is representing himself. *Withers v. Franklin County Sheriff*, 2005 WL 1378828 * 2 (S.D.Ohio, Jun. 8, 2005). If a defendant chooses to waive his right to counsel, such a defendant may not then claim a right to a law library or access to legal materials. *Id*. (citing *Smith,* 907 F.2d at 44-45).

Further, Plaintiff may be challenging the validity of his conviction and resulting confinement in an Ohio penal institution because he could not represent himself and lack of access to a law library helped cause his conviction. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475 (1973). *See Brooks v. McQuiggin,* 2010 WL 432250 * 3 (W.D.Mich., Jan. 26, 2010) (habeas corpus is the appropriate remedy for state prisoners challenging the validity of the fact or length of their confinement). In other words, a complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the plaintiff essentially challenges the legality of his confinement. *Id*.

Further, absent an allegation that Plaintiff's current conviction has been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, Plaintiff may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Omosule v. Hurley*, 2009 WL 5167641 * 2 (S.D. Ohio, Dec 21, 2009).

The Cuyahoga Common Pleas Court Docket shows that Plaintiff has a pending criminal case that he did not mention. *State of Ohio v. Nash*, Case No. CR-10-544615, wherein he is represented by a public defender. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). It is mandated whether the state court proceeding is criminal, quasi-

3

criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 4.

All three factors supporting abstention are present in this case. The issues presented in the Complaint are clearly the subject of a state court criminal matter, which are of paramount state interest. *See Younger*, 401 U.S. at 44-45. Furthermore, Plaintiff has the opportunity to raise any defects in his criminal case in the state court. Consequently, this Court is required to abstain from intervening in the state court proceedings.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

December 17, 2010