UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY M. NASH, | ) | Case No.: 1:10 CV 2386 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| CUYAHOGA COUNTY, *et al.*, | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendants. | ) | AND ORDER |

On December 20, 2010, the court dismissed this action pursuant to 28 U.S.C. § 1915A and certified that an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3). (Doc. 3). This matter is now before the court upon Plaintiff's Motion for Injunction. (Doc. 5). He seeks an order enjoining the public defender, the Cleveland Police, and prosecutors office from conspiring to suspend his rights under several state statutes concerning the municipal court trial process. He contends that the police and prosecutor obtained an indictment without providing a probable cause hearing in violation of Ohio Revised Code Sections 2927.10, 2937.11, 2937.12 and 2937.15, as well as the Ohio Constitution Article 1, Section 10.

Plaintiff cannot obtain an injunction because his case has been dismissed. An injunction can be granted only when an action is pending. Because Plaintiff's case is closed, his Motion for Injunction is moot. *National Civic Committee v. Michigan Dept. of Corrections*, 2010 WL 3952236 *1 (E.D.Mich., Oct. 8, 2010).

Further, there is no basis for the court to reconsider its order dismissing this case. In *Parratt*

*v. Taylor*, 451 U.S. 527, 535 (1981), the Supreme Court stated that "the initial inquiry [in a section 1983 action] must focus on whether the two essential elements ... are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Thus, violations of state law are insufficient to state a claim under § 1983. *Baker v. McCollan,* 443 U.S. 137, 140  (1979); *Vos v. Cordray*, 719 F.Supp.2d 832, 838 -839 (N.D.Ohio, 2010); *Monroe v. McNairy County, Tenn*. , 520 F.Supp.2d 917, 920 (W.D.Tenn., 2007). Plaintiff has not sufficiently implicated federal law.

In addition, the Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475 (1973).  Further, absent an allegation that Plaintiff's current conviction has been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, Plaintiff may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Omosule v. Hurley*, 2009 WL 5167641 * 2 (S.D. Ohio, Dec 21, 2009).

Accordingly, Plaintiff's Motion for Injunction is denied.

IT IS SO ORDERED**.**


/s/SOLOMON OLIVER, JR._____
CHIEF JUDGE
UNITED STATES DISTRICT COURT

May 18, 2011

2